■ VERNON JONES, Appellant, v CROWN CONTROLS CORP., Defendant, and EFR ELECTRIC FORKLIFT OF LONG ISLAND, INC.,

Respondent. (And a Third-Party Action.) [686 NYS2d 64] —Motion by the defendant-respondent to reargue or resettle a decision and order of this Court dated May 11, 1998 [250 AD2d 647], which determined an appeal from an order of the Supreme Court, Nassau County, entered April 3, 1997.

Upon the papers filed in support of the motion and the papers filed in relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the decision and order dated May 11, 1998, is recalled and vacated and the following is substituted therefor:

In an action, *inter alia*, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered April 3, 1997, as granted that branch of the motion of the defendant EFR Electric Forklift of Long Island, Inc., which was for summary judgment dismissing the first cause of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

On April 1, 1993, the plaintiff sustained injuries while operating a forklift in the course of his employment. It is undisputed that the day before the accident, a new remote control device had been installed in the forklift, regulating its upward and downward motion, and that the wiring in that device was inserted by the defendant EFR Electric Forklift of Long Island, Inc. (hereinafter Electric Forklift). The deposition testimony of the parties' witnesses raised a triable issue of fact (*see*, CPLR 3212 [b]) as to whether the plaintiff's injuries were proximately caused by negligence on the part of Electric Forklift in the performance of its work on the remote control device. Therefore, summary judgment should have been denied as to the first cause of action, which was to recover damages based on negligence. Bracken, J. P., Santucci, Florio and McGinity, JJ., concur.